```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

CHARMANE SMITH,                         \*

    Plaintiff,                      \*

vs.                                     \*      CASE NO. 4:08-CV-08(CDL)

FIRST EQUITY CARD CORPORATION           \*
and MORGAN WATLEY,
                                            \*

    Defendants.
                                            \*
                                            \*

## O R D E R

Presently pending before the Court is Defendants' Joint Motion to Compel Arbitration and Dismiss Plaintiff's Case (Doc. 23).  For the following reasons, the Court grants Defendants' motion and the case is hereby dismissed.

### BACKGROUND

Defendant First Equity Card Corporation ("First Equity") issued Plaintiff Charmane Smith a credit card under its First Equity Visa Business Card Account, subject to the terms and conditions set forth in the Columbus Bank and Trust Company First Equity Business Card Retail Credit Installment Agreement ("the Agreement").  (Watley Aff. ¶ 8, Sept. 2, 2008.)  The Agreement Plaintiff entered into with First Equity contained an "Arbitration of Disputes" paragraph, which provided, in pertinent part, that "[a]ny controversy or claim relating to this Agreement . . . [would] be settled on an individual basis by binding arbitration in accordance with the Federal

1

Arbitration Act ("FAA") arbitration procedure under the rules ("Arbitration Rules") of the American Arbitration Association ("AAA")." (The Agreement 14.) Plaintiff, alleging problems with her First Equity account, made written complaints to the Better Business Bureau. (Watley Aff. ¶ 10.) Defendant Morgan Watley, an employee of Total System Services, Incorporated ("TSYS"), corresponded with the Better Business Bureau in regard to the claims made by Plaintiff.[1] (*Id.* ¶ 11.) Plaintiff's allegations against Watley relate solely to her work providing correspondence services concerning Plaintiff's First Equity account. (Watley Aff. ¶ 12; *see* Compl. ¶ 4.)

## DISCUSSION

Plaintiff's claims are subject to arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. The FAA provides, in pertinent part, that "if a suit is filed in the district court upon any issue that is subject to a written arbitration agreement, the court shall stay the trial of such action until arbitration has been had in accordance with that agreement." *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1287-88 (11th Cir. 2005) (citing 9 U.S.C. § 3).

---

[1] Watley served as the Associate Director of the Specialty Account Services Department of TSYS's Managed Services Division. (Watley Aff. ¶ 2.) In providing executive level correspondence services, Watley was authorized to sign for First Equity, and in that capacity, she corresponded with the Better Business Bureau regarding the claims made by Plaintiff. (*Id.* ¶ 11.)

2

Because Plaintiff and First Equity are parties to the Agreement, First Equity is entitled to arbitrate Plaintiff's claims.[2]

Watley is also entitled to compel arbitration of Plaintiff's claims even though Watley is not a signatory party to the Agreement. The principles of equitable estoppel allow nonsignors to a contract to compel arbitration in two different circumstances. *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). The first circumstance occurs when a signatory "must rely on the terms of the written agreement in asserting [its] claims against the nonsignatory." *Id.* (alteration in original) (internal quotation marks omitted); *see Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757-58 (11th Cir. 1993) (holding that nonsignatory could compel arbitration because each of signatory's claims relied on the terms of the written agreement and thus, presumed the existence of the agreement). The second circumstance occurs when a signatory raises allegations of "substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *MS Dealer Serv. Corp.*, 177 F.3d at 947 (internal quotation marks omitted); *see Becker v. Davis*, 491 F.3d 1292, 1304 (11th Cir. 2007) (holding that nonsignatories could compel

---

[2] Plaintiff alleges in her *pro se* Complaint that First Equity fraudulently changed the terms of her account in violation of the Fair Credit Billing Act and the Truth-in-Lending Act by, among other things, failing to uphold the No Annual Fee term contained in the Agreement. (Compl. ¶ 5.) These claims clearly relate directly to the Agreement Plaintiff entered into with First Equity.

3

arbitration because the signatory's claims of collusive behavior against the signatories and nonsignatories were intimately intertwined with the obligations imposed by the agreements).

Both circumstances exist in this case. Here, Plaintiff must rely on the terms of the Agreement in asserting her claims against Watley. (*See* Compl. ¶ 4.) Thus, these allegations presume the existence of the Agreement. In addition, Watley's alleged misconduct is directly connected to First Equity's alleged misconduct. It is clear that Plaintiff's claims against First Equity and Watley are intertwined with the underlying contractual obligations imposed by the Agreement Plaintiff entered into with First Equity. Consequently, Watley may compel arbitration of Plaintiff's claims under the principles of equitable estoppel. Accordingly, Defendants' Motion (Doc. 23) is granted, and this action is dismissed so that the parties may resolve this dispute through arbitration.

IT IS SO ORDERED, this 9th day of October, 2008.

                                                S/Clay D. Land
                                                   CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE